UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs

SYED IBRAHIM HUSSAIN,

        Defendant.

_____/

Case No: 14-20568
Hon. Victoria A. Roberts

**OPINION GRANTING GOVERNMENT'S MOTION TO STRIKE (Doc. #86)
PETITIONER'S REPLY BRIEF (Doc. #85)**

After entering a guilty plea, Syed Ibrahim Hussain ("Hussain") was convicted and

sentenced on one count of extortion by interstate communication, 18 U.S.C. § 875(b),

and one count of possession of child pornography, 18 U.S.C. § 2252(a)(5)(B).

Before the Court is Hussain's amended petition for a writ of habeas corpus

("Amended Petition") pursuant to 28 U.S.C. § 2255. The Government responded and

Hussain filed a reply ("Reply") [Doc. 85], which the Government seeks to strike

("Motion") [Doc. 86]. The Government says that the claims raised in the Reply are time-

barred by the statute of limitations for seeking habeas relief. The Court agrees. The

motion to strike is GRANTED.

I.      Background

Hussain's Amended Petition seeks a writ of habeas corpus for ineffective

assistance of counsel. Specifically, Hussain contends that his counsel did not explain

the plea negotiation process to him, causing him to not realize that a "plea offer"

indicated in an email from the Government would expire. In its response, the

Government argues that Hussain's counsel was not ineffective because the Court had ruled that the email did not constitute a plea offer, and that Hussain suffered no prejudice.

In his Reply, Hussain raises additional claims of his counsel's alleged incompetence, including counsel's: 1) unwillingness to listen to Hussain's explanation of the facts; 2) adaptation of a strategy to make Hussain look "as culpable as possible" in proffer sessions with the Government; 3) failure to "properly investigate the case facts, interview potential witnesses, or meet and discuss the proffers" with Hussain before they were conducted; 4) failure to present information regarding Hussain's physiological status; and 5) abandonment of the plea negotiation process and communication with Hussain. [Doc. 85, Pg. 10-12, 15-16]. As a result of his counsel's ineffectiveness, Hussain says he was offered a plea that was significantly less favorable to him than it might have otherwise been. Ultimately, Hussain claims that "irrespective of whether the … email was a formal or informal offer, [counsel] was ineffective because he was uninformed, unprepared and failed in his basic responsibility to defend [Hussain] and to represent his best interests in plea negotiations." *Id.* at 21.

Filed after the one-year statute of limitations on his habeas petitions had expired, the Government says that Hussain's Reply is "really an entirely new § 2255 motion that sets forth different claims and arguments than his original § 2255 motion" and is time-barred. [Doc. 86, Pg. 1]. Hussain disagrees and says: 1) new claims are not presented, but instead "a clarification or amplification of his initial claim of [ineffective assistance of counsel]"; 2) if it does contain new claims, is an amendment that relates back to his

original Amended Petition pursuant to Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure; and 3) warrants equitable tolling. [Doc. 88, Pg. 7, 10].

II.   Analysis

   A.  New Claims Raised in Reply Brief

A reply to a response to a habeas petition is not the proper pleading for the petitioner to raise additional grounds for relief. *Burns v. Lafler*, 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004). "Because it is improper to raise arguments initially in a reply brief, a court generally will not consider them." *United States v. Jackson*, 2016 WL 8232847, at *2 (E.D. Ky. Mar. 9, 2016), *report and recommendation adopted*, 2016 WL 8243168 (E.D. Ky. Apr. 1, 2016). "Doing so is procedurally improper at least because it deprives the [Government] of the right to address the new claims." *Berlanga v. Winn*, 2016 WL 4662430, at *9 (E.D. Mich. Sept. 7, 2016).

This Court disagrees with Hussain that his Reply merely amplifies the ineffective assistance of counsel claim he raised in his Amended Petition. And, the cases that Hussain cites to in support of this proposition are unavailing.

For example, Hussain cites to *Cowan v. Stovall*. In *Cowan*, the petitioner alleged ineffective assistance of counsel because counsel failed to interview witnesses in support of her defense that she was not present during a drug transaction. *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011). The petitioner later filed a motion to amend her petition, "in which she spelled out in greater detail the witnesses whom [counsel] had ignored and the substance of what their testimony would have been." *Id.* The Sixth

Circuit concluded that the "facts recited in the two documents differed not in kind, but in specificity." *Id.* at 819.

In contrast, Hussain's Amended Petition is limited to a claim that counsel was ineffective for failure to explain the plea negotiation process. In his Reply, Hussain raises other allegations of ineffectiveness, as outlined above. Entirely new and unrelated claims are presented in Hussain's Reply that "include new and different theories of ineffective assistance" of counsel. *Atchley v. United States*, 2011 WL 1532074, at *2 (E.D. Tenn. Apr. 21, 2011).

Hussain's timely original Section 2255 motion did assert a perfunctory claim of ineffective assistance of counsel related to plea negotiations. However, as the Government points out in its Motion, the allegations that Hussain raises in his Reply were "factual in nature and would have been known to [Hussain] at the time he filed his original or amended § 2255 motion." [Doc. 86, Pg. 5-6]. See *Kuehne v. United States*, 2011 WL 5526002, at *11 (S.D. Ohio Aug. 10, 2011), *report and recommendation adopted*, 2011 WL 5521245 (S.D. Ohio Nov. 14, 2011). ("the facts [Petitioner] now advances as underlying the claim that his trial and appellate attorneys performed deficiently with respect to pre-trial plea negotiations were known to Petitioner before he filed his original Section 2255 motion").

Hussain's Reply goes beyond clarification and amplification; it raises new factual claims that are not properly before the Court. The Court declines to address them.

B.  Relation Back

Hussain did not file a motion to amend his petition a second time, nor did he give any indication that his Reply was intended to be an amendment. However, the Court will analyze the claims raised in Hussain's Reply as if they were contained in another amendment to his Section 2255 petition.

"Rule 15(c)(1) provides that an amendment relates back when it 'asserts a claim ... that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]' If a petition raises a new claim that does *not* relate back, however, AEDPA's statute of limitations bars consideration of the new claim." *Hill v. Mitchell*, 842 F.3d 910, 922 (6th Cir. 2016). "If an amendment is offered for the purpose of merely amplifying the facts already alleged in support of a particular claim, the amendment relates back to the date of the original petition. However, if a movant seeks to introduce a new legal theory based on facts different from those underlying the timely claims, the amendment should not relate back and should therefore be time-barred." *Berry v. United States*, 2017 WL 401269, at *10–11 (W.D. Tenn. Jan. 30, 2017) (internal citations and quotations omitted).

As explained above, the theories of ineffective assistance raised in Hussain's Reply are different theories of ineffectiveness and based on facts different from those underlying Hussain's timely ineffective assistance of counsel claims. *Atchley*, 2011 WL 1532074, at *2. In his Amended Petition, Hussain alleges that counsel was ineffective for failing to explain the plea negotiation process to him. In his Reply, Hussain claims that counsel was ineffective for various other reasons: mainly, that he was unprepared and uninformed in the plea negotiation process. These allegations assert "new

ground[s] for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 649-650 (2005).

The new claims Hussain presents in his Reply do not relate back to his Amended Petition; they are time-barred.

### C. Equitable Tolling

"Equitable tolling permits courts to extend a statute of limitations on a case-by case basis to prevent inequity." *Ruth v. Unifund CCR Partners*, 2009 WL 585847, at *7 (N.D. Ohio Mar. 6, 2009), *aff'd*, 604 F.3d 908 (6th Cir. 2010). The Supreme Court has said that Section 2254 habeas petitions are subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). In the Sixth Circuit, "the one-year statute of limitations for filing a § 2255 petition is subject to equitable tolling." *Johnson v. United States*, 457 F. App'x 462, 469 (6th Cir. 2012). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S.at 649 (internal citations and quotations omitted).

Hussain claims entitlement to equitable tolling. Although he does not explicitly argue that extraordinary circumstances prevented him from timely filing, Hussain says that he "was without post-conviction counsel for an extended period of time during which any amendment could have been timely filed." [Doc. 88. Pg. 9]. He further claims that because he had not been provided with a copy of his Amended Petition, he did not know what was on record, and "had no opportunity to discuss the substance of the motion or possible amendment with counsel" until he received counsel. *Id.*

6

Although Hussain retained counsel only a few days before the apparent deadline to amend his habeas petition, to qualify as "extraordinary circumstances," Hussain must show more than just his status as *pro se*. *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012). And, although Hussain may have not had a copy of his Amended Petition, he does not allege any extraordinary circumstances that made it difficult for him to obtain a copy. See *id.*, (holding that a combination of factors such as custody transfers without legal materials, partial illiteracy, and medical conditions that impede ability to adequately obtain legal information, warrant equitable tolling).

Thus, even if Hussain "diligently pursued his rights" as he claims, by complying with this Court's filing deadlines, [Doc. 88. Pg. 9], Hussain fails to demonstrate extraordinary circumstances which prevented him from filing another amended Section 2255 petition before the statute of limitations lapsed.

Hussain is not entitled to equitable tolling.

III.    Conclusion

The Government's Motion to strike Hussain's Reply is GRANTED.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 28, 2017