UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                      Case No: 14-20568

vs                                                            Hon. Victoria A. Roberts

SYED IBRAHIM HUSSAIN,

        Defendant.
_____/

## OPINION DENYING PETITIONER'S AMENDED MOTION TO VACATE SENTENCE (Doc. # 76)

Syed Ibrahim Hussain, ("Hussain"), filed an amended motion for a writ of habeas corpus ("Amended Motion") pursuant to 28 U.S.C. § 2255. Hussain pled guilty to extortion by interstate communication, 18 U.S.C. § 875(b), and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). Hussain now claims that his counsel was ineffective during the plea bargaining process. Specifically, Hussain contends that his counsel "did not explain the process of plea negotiation" to him and he did not realize that a "plea offer" indicated in an email from the Government would expire.

For the reasons that follow, the motion is **DENIED**.

**I.    Background**

From December 2012 to April 2013, Hussain resided in various hotel rooms near Detroit, Michigan. In December 2012, he sent text messages to a female victim, demanding that she marry him or he would kidnap, rape, and assault her. The text messages were sent while Hussain was in Michigan, were transmitted over Sprint/Nextel's communication system through a service center in Kansas City,

1

Missouri, and were received by the victim in Michigan. The victim refused Hussain's demands. With the thought of kidnapping her, Hussain purchased items such as handcuffs, GPS tracking devices that he placed on the victim's car, leg irons, a flashlight, and a shotgun. Hussain was arrested in April 2013 before he could carry out his plan.

After Hussain's April 2013 arrest, images and videos of child pornography were found on his personal computer in his hotel room near Detroit, Michigan.

The Government filed a two-count criminal complaint against Hussain in May 2013.

During plea negotiations, the Government sent Sanford Schulman, counsel for Hussain, an email stating that if Hussain pled guilty to the charged offenses, the Sentencing Guidelines range would be 51-63 months with no mandatory minimum. The email stated that Hussain would be required to register as a sex offender, under the Sexual Offender Registration and Notification Act. The email also indicated that if Hussain did not accept this offer, the Government would charge him under a different child pornography statute which carried a mandatory minimum five years prison term. Mr. Schulman relayed this information to Hussain in December 2013.

In October 2014, Hussain entered into a written plea agreement for the two charged offenses, but with a Sentencing Guidelines range of 63 to 78 months. In June 2015, Hussain filed a motion for a determination of ineffective assistance of counsel in the plea bargaining process, claiming that the December 2013 email was an offer, and that he was not told there was a deadline to accept or reject the offer. During a July

2015 hearing on the motion, the Government said that the email was not an offer because material terms were not addressed, and it did not bind the Government. The Court concluded that the email was not a formal offer; it denied Hussain's motion without prejudice. [Doc. 76, Ex. 1, Pg. ID 681-682, 685-686].

In December 2015, the Court sentenced Hussain to 72 months imprisonment on both counts, to run concurrently.

In this Amended Motion – much like the original motion – Hussain argues that the December 2013 email constitutes a plea offer. He says Mr. Schulman did not explain the plea negotiation process to him, and contends he did not realize the offer contained in the December 2013 email would expire if he failed to accept it or continue negotiations. Hussain says he was prejudiced. He requests an evidentiary hearing so that factual allegations may be established.

In its response, the Government argues that Hussain's counsel was not ineffective because the Court determined that the email did not constitute a plea offer, and that Hussain suffered no prejudice. [Doc. 80, Pg. ID 707, 709-710].

## II. Standard of Review

### A. Ineffective Assistance of Counsel

To show he was denied the effective assistance of counsel by federal constitutional standards, Hussain must satisfy a two prong test. First, he must demonstrate that, considering all of the circumstances, his counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Hussain must

overcome a strong presumption that his counsel's behavior was within the wide range of reasonable professional assistance. *Id.* In other words, Hussain must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, Hussain must show that such performance prejudiced his defense. *Id.*

To show prejudice where a plea offer has expired or been rejected because of counsel's deficiency, Hussain must show "a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 134, 147 (2012). Hussain must also demonstrate that "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it." *Id.*

### B. Request to Vacate Sentence

A federal custodial sentence may be vacated, set aside or corrected if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255(a).

To prevail, Hussain "must demonstrate the existence of an error of constitutional magnitude[,] which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d. 855, 858 (6th Cir. 2005).

4

### III. Prejudice Analysis

When deciding an ineffective assistance claim, the Court is not bound to address both components on the inquiry if a defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697. Here, the Court begins and ends its consideration with the prejudice prong. Because Hussain cannot show that he was prejudiced, the Court does not need to consider whether Mr. Schulman's performance was deficient. Hussain's claim of ineffective assistance of counsel fails.

The Government suggests that the Court should use the test established by the Supreme Court in *Hill v. Lockhart*. In *Hill,* the Supreme Court said to establish prejudice in the plea deal process, a defendant must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). However, *Hill* does not "provide the sole means for demonstrating prejudice arising from the deficient performance of counsel during plea negotiations." *Frye*, 566 U.S. at 148. Hussain is not arguing that he would have gone to trial instead of pleading guilty. Instead, like the defendant in *Frye*, Hussain argues that but for Mr. Schulman's deficiency, he would have accepted the plea offer in the December 2013 email, rather than accepting the plea deal that ultimately led to his conviction. The Court concludes that the *Frye* prejudice test governs.

Hussain cannot satisfy *Frye*. First and foremost, there was no plea offer for Hussain to accept. In a case such as this, where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable earlier plea, the Court must inquire into whether anything in the December 2013 email rose to the level of a plea offer. Here, there was nothing on the

table for him to accept. Accordingly, he cannot show that "neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." *Frye*, 566 U.S. at 148.

At the July 2015 motion hearing, the Court noted that the December 2013 email did not contain material terms such as a factual basis, an agreement on the charges or the Sentencing Guideline range, an agreement to register as a sex offender, or an agreement to plead guilty. Also at the hearing, the Government reiterated the Court's observations, and said that the email was not an offer because it was contemplative of a future plea offer, lacked material terms, and did not bind the Government to honor its terms. Considering all these factors, the Court ruled that the email was not a formal offer. [Doc. 76, Ex. 1, Pg. ID 681-682, 685-686].

As the Government notes in its response, under the "law of the case" doctrine, "findings made at one point in the litigation become the law of the case for subsequent stages of the same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). The Court ruled in a hearing that the Government's December 2013 email was not a formal plea offer. Since this ruling is the law of the case, Hussain cannot show that the trial court would have accepted the email as a plea. *Frye*, 566 U.S. at 148. Additionally, because of the Government's comments during the July 2015 motion hearing, Hussain cannot show that the prosecution would have stipulated that the email was a plea offer. *Id.* Thus, even if Hussain could show he would have accepted the conditions of the email, he cannot satisfy the second part of the *Frye* test; Hussain cannot show that he was prejudiced by Mr. Schulman's actions.

## IV. Conclusion

Because Hussain cannot show that his counsel was ineffective, he has not shown "the existence of an error of constitutional magnitude[,] which has a substantial and injurious effect or influence on [his] guilty plea …" *Humphress* 398 F.3d. at 858.

Finally, an evidentiary hearing is not warranted; "the files and records of the case conclusively show that [Hussain] is entitled to no relief." 28 U.S.C. § 2255(b).

The Court **DENIES** his motion to vacate.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 27, 2017

The undersigned certifies that a copy of this document was served on the attorneys of record and Syed Ibrahim Hussain by electronic means or U.S. Mail on December 27, 2017December 27, 2017

s/Linda Vertriest
Deputy Clerk