UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                             Case No: 14-20568

v                                                        Hon. Victoria A. Roberts

SYED IBRAHIM HUSSAIN,

    Defendant.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

On December 27, 2017, this Court issued an order denying Syed Ibrahim Hussain's ("Hussain") motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. (Doc. # 91). Hussain filed a Notice of Appeal (Doc. # 93). The United States Court of Appeals for the Sixth Circuit asks this Court to determine whether to grant or deny a certificate of appealability.

For the reasons stated below, that certificate of appealability is **DENIED**

I.    Legal Standard

Hussain may not proceed on appeal unless he first obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. Proc. 22(b). Such a certificate may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition or motion to vacate sentence "should have been resolved in a different manner, or that the issues presented were

1

adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal citations and quotations omitted). When a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*

II. Background

In December 2013, during plea negotiations, the Government sent Hussain's counsel an email stating that if Hussain pled guilty to the charged offenses, the Sentencing Guidelines range would be 51 to 63 months with no mandatory minimum. The email also stated that Hussain would be required to register as a sex offender, and that if Hussain did not accept this offer, the Government would charge him under a different child pornography statute that carried a mandatory minimum five years imprisonment.

In October 2014, Hussain pled guilty to extortion by interstate communication, 18 U.S.C. § 875(b), and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). He entered into a written plea agreement for the two charged offenses, but with a Sentencing Guidelines range of 63 to 78 months. In June 2015, Hussain filed a motion for a determination of ineffective assistance of counsel in the plea bargaining process, claiming that the December 2013 email was an offer, and that he was not told there was a deadline to accept or reject the offer. During a July 2015 hearing on the motion, the Court ruled that the email was not an offer because it did not contain material terms such as a factual basis, an agreement on the charges or the Sentencing Guideline

range, an agreement to register as a sex offender, or an agreement to plead guilty. The Court denied Hussain's motion without prejudice.

After sentencing, Hussain filed an amended § 2255 motion to vacate his sentence. In his motion to vacate, Hussain argued that his counsel was ineffective during the plea negotiation process. Specifically, Hussain claimed that his counsel "did not explain the process of plea negotiation" to him, causing him to not realize that a "plea offer" indicated in an email from the Government would expire. However, as the Court noted in its order denying Hussain's petition, that email was not a plea offer, and Hussain cannot show "a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel," or that "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it." *Missouri v. Frye*, 566 U.S. 134, 147 (2012).

In its order denying Hussain's § 2255 motion, the Court stated that under the "law of the case" doctrine, "findings made at one point in the litigation become the law of the case for subsequent stages of the same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). The Court noted that since it had previously ruled that the December 2013 email was not a formal plea offer, that ruling is the law of the case. Therefore, Hussain could not prevail on his § 2255 motion because he could not show that the trial court would have accepted the email as a plea, or that that the prosecution would have stipulated that the email was a plea offer, as required by *Frye*.

III.   Analysis

A court may not issue a certificate of appealability unless "the [petitioner] has made a substantial showing of the denial of a constitutional right." *Cooey v. Coyle*, 289 F.3d 882, 887 (6th Cir. 2002) (internal citations and quotations omitted). To establish this, "the mere allegation of a constitutional wrong, such as deprivations of the right to effective counsel, is insufficient; the petitioner must make a substantial showing of such an error in order to present an appeal." *United States v. Smith,* 235 F. Supp. 2d 418, 432 (E.D. Pa. 2002).

For the reasons stated by the Court in the order denying the § 2255 motion, the Court denies Hussain a certificate of appealability. He fails to make a substantial showing that he was deprived of the effective assistance counsel.

IV. Conclusion

Hussain's § 2255 arguments are based on an incorrect assumption that the Government's email was a plea offer. The issues presented in his § 2255 motion are not debatable, and do not deserve encouragement to proceed further. *See Carter v. United States,* 160 F. Supp. 2d 805, 816 (E.D. Mich. 2001). Hussain is not entitled to a certificate of appealability.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 19, 2018