UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                    Case No: 14-20568

v                                           Hon. Victoria A. Roberts

SYED IBRAHIM HUSSAIN,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [Doc. #100]

On December 27, 2017, this Court issued an order denying Syed Ibrahim

Hussain's ("Hussain") motion to vacate sentence brought pursuant to 28 U.S.C. § 2255.

(Doc. # 91). The Court also declined to issue a certificate of appealability (Doc. #99).

Hussain filed a motion for reconsideration of the Court's order (Doc. #100).

For the reasons stated below, Hussain's motion for reconsideration is **DENIED**.

I.      Legal Standard

Local Rule 7.1(h)(3) provides the Court's standard of review on a motion for

reconsideration:

> "Generally, and without restricting the court's discretion, the court will not
> grant motions for ... reconsideration that merely present the same issues
> ruled upon by the court, either expressly or by reasonable implication.
> The movant must not only demonstrate a palpable defect by which the
> court and the parties and other persons entitled to be heard on the
> motion have been misled but also show that correcting the defect will
> result in a different disposition of the case."

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear,

unmistakable, manifest or plain."*Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.*

## II.    Analysis

Hussain filed a motion for a certificate of appealability (Doc. #98). He argues a certificate is warranted because reasonable jurists could debate that the Court erred in: 1) striking his reply brief to the Government's response to his § 2255 motion; and 2) denying him § 2255 relief.

Hussain raises three arguments. The first two are identical to those in his motion for a certificate of appealability. In fact, he reuses much of the same language in his motion for reconsideration that he used in his motion for a certificate of appealability. Because the Court "will not grant motions for ... reconsideration that merely present the same issues ruled upon," these arguments fail. E.D. Mich. LR 7.1(h)(3).

Hussain's third argument is that even though the Court previously ruled that the Government's December 2013 email was not a formal plea offer, reasonable jurists could find that prejudice can still be shown. In support of his argument, Hussain cites to *United States v. Gordon*, where the Second Circuit affirmed the district court's grant of § 2255 relief. The *Gordon* court agreed with the district court that "whether the government had made a formal plea offer was irrelevant because [the petitioner] was

nonetheless prejudiced because he did not have accurate information upon which to make his decision to pursue further plea negotiations or go to trial." *United States v. Gordon*, 156 F.3d 376, 380 (2d. Cir. 1998). However, in Hussain's § 2255 petition, he argues that the he was prejudiced because he did not realize the offer in the December 2013 email would expire. This Court has already ruled that the email was not an offer; there was nothing to negotiate. *Gordon* is distinguishable.

Hussain also cites to *Carmichael v. United States*. There the Eleventh Circuit reversed a district court's denial of a § 2255 petition. The *Carmichael* court held that the petitioner sufficiently alleged prejudice, in part because the "record is … devoid of anything indicating that the court would not have accepted the plea deals discussed in the informal plea negotiations." *Carmichael v. United States*, 659 Fed. Appx. 1013, 1022-1023 (11th Cir. 2016). Again – as the Court discussed in its order denying Hussain's § 2255 petition – the December 2013 email was not a formal plea offer. Under the law of the case doctrine, Hussain could not and cannot show that the Court would have accepted the email as a plea. *Carmichael* is also distinguishable.

III.    Conclusion

Hussain's repetitive and meritless arguments fail to show a palpable defect. His motion for reconsideration is DENIED.

    **IT IS ORDERED**.

                                        S/ Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated: 6/13/18

The undersigned certifies that a copy of this document was served on the attorneys of record and Syed Ibrahim Hussain by electronic means or U.S. Mail on June 13, 2018.

s/Linda Vertriest
Deputy Clerk