UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

SYED IBRAHIM HUSSAIN,

    Defendant/Petitioner.

_____/

Case No. 14-20568
Honorable Victoria A. Roberts

### ORDER DENYING HUSSAIN'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT [Doc. #102]

**I.    INTRODUCTION**

On December 27, 2017, the Court entered an order denying Syed Ibrahim Hussain's ("Hussain") 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence. Hussain then filed a motion for a certificate of appealability, which the Court denied on April 19, 2018. Finally, on May 8, 2018, Hussain filed a motion requesting that the Court reconsider its denial of his certificate of appealability; the Court entered an order denying Hussain's motion for reconsideration on June 13, 2018.

Following that order, Hussain filed this motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).

For the reasons below, Hussain's motion is **DENIED**.

**II.    DISCUSSION**

Hussain filed his Rule 59(e) motion on July 9, 2018. Hussain argues that the Court failed to analyze the merits of two issues he presented in his motion for a certificate of appealability. Hussain says that the Court's alleged failure to analyze these

1

two key issues constituted a clear error of law and worked a manifest injustice, such that he is entitled to relief.

In its reply to Hussain's motion, the government says that: (1) Hussain's Rule 59(e) motion is untimely because it was not filed within 28 days of the Court's order; and (2) even if Hussain's Rule 59(e) motion was timely, it should be denied because it raises the same arguments that the Court considered and rejected in an earlier motion.

Under Rule 59, a party must file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Whether Hussain's filing was timely depends on which of the Court's orders it seeks to alter.

While Hussain says that his Rule 59 motion requests that the Court alter its denial of his motion for reconsideration, it is more accurately construed as a request for the Court to alter its denial of his motion for a certificate of appealability; this is made clear by the relief that Hussain seeks. Because Hussain asserts that the Court should grant a certificate of appealability on his two proffered issues, he really seeks an amendment or alteration of the Court's denial of that certificate. Given that reality, Hussain's motion is untimely.

Moreover, Hussain's Rule 59 motion raises arguments and issues previously addressed by this Court. Under Rule 59, a court may alter a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *See Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014). This Court has "considerable discretion in deciding whether to grant Rule 59 motions." *Id*.

In his motion, Hussain first asserts that the Court erred in striking his reply to the government's response to his Amended Petition for § 2255 relief; however, the Court thoroughly addressed that issue in its order striking the reply. Second, Hussain says that the Court erred in denying him § 2255 relief. At this point, the Court has addressed its denial of habeas relief in three separate orders. Hussain fails to present any newly discovered evidence and does not point to any clear error of law or intervening change in controlling law. And, there is no need to prevent manifest injustice.

Hussain's arguments are, as this Court has previously stated, repetitive and meritless. Given the above, Hussain's Rule 59 motion is improper. *See United States v. Harris*, No. 10-20461, 2014 WL 12711877, at *1 (E.D. Mich. Jun. 27, 2014) (Motions under Rule 59(e) are "not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented.") *See also Dumas v. United States*, No. 06-20402, 2013 WL 4042660, at *3 (E.D. Mich. Aug. 9, 2013) ("Rule 59(e) does not give a dissatisfied litigant an additional opportunity to sway the District Court by repeating the same arguments," and "it cannot be used to relitigate the same facts, issues, and arguments that have previously been considered and decided by the District Court.").

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Hussain's Rule 59(e) motion to alter or amend judgment.

**IT IS ORDERED**.

                                        S/ Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated: November 1, 2018

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Syed Ibrahim Hussain by electronic means or U.S. Mail on November 1, 2018.

s/Linda Vertriest
Deputy Clerk

---